UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ALMA LARDYDELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:05 CV 398 JM |
| | ) |
| UNION FIDELITY LIFE INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

## O P I N I O N

This action was brought by plaintiff Alma Lardydell seeking payment of $100,000 allegedly due her as beneficiary of a policy of group accidental death and dismemberment insurance, and is before the court on defendant Union Fidelity Life Insurance Co.'s ("UFLIC") motion for summary judgment. RULE 56 directs this court to enter summary judgment if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). When considering the motion, the court must construe all of the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Laborers' Pension Fund v. RES Environmental Services, Inc.*, 377 F.3d 735, 737 (7th Cir. 2004).

The pertinent underlying facts in this case are undisputed. The policy of insurance involved was issued by UFLIC to Arthur Lardydell ("Arthur"). Alma Lardydell (hereinafter, "Lardydell") was the named beneficiary. The policy contained

an exclusion providing that benefits would not be paid "if death . . . results directly or indirectly from any of the following causes: . . . the voluntary taking of any . . . alcohol[.]"

On Friday, October 3, 2003, at about 3:45 p.m., Arthur was driving his auto northbound in the 4600 block of Kennedy Avenue in East Chicago, Indiana, when he arrived at a railroad crossing. The cross-buck gates were down, the bells and flashing lights were activated, and there was already another auto in front of him waiting. There were two sets of tracks at the crossing. On the second set of tracks, that is, the northerly set and the farther of the two from Arthur, there was a stopped train waiting on the eastern side, that is, to Arthur's right.

Presumably because he believed that the stopped train was the cause for the activation of the crossing gates and warning signals, Arthur drove his car left of the center line on the road, around the vehicle in front of him, and around the downed gates and onto the tracks. As he did so, an eastbound train on the first set of tracks, coming from Arthur's left, struck his vehicle broadside resulting in his death.

An autopsy the following day, conducted by a forensic pathologist for the Lake County, Indiana, Coroner, determined that Arthur had a blood-alcohol content of .277% at the time of the collision, which is more than three times the threshold constituting the offense of operating a motor vehicle while intoxicated under Indiana law. The Coroner's report concluded that the immediate cause of Arthur's death was disruption

of the spinal cord due to an automobile/train collision, and that a contributing factor was "[a]lcohol intoxication."

After Lardydell submitted a claim for payment of the death benefit under the policy, UFLIC denied coverage, relying on the policy's exclusion for death resulting "directly or indirectly" from the voluntary taking of alcohol. Lardydell then brought the present suit seeking the payment of the death benefit in state court, and UFLIC removed it to this court on the basis of diversity of citizenship, which the court finds to be proper.

UFLIC now seeks a summary judgment in its favor, arguing that the court should rule that, as a matter of law, Arthur's death resulted, at the least, "indirectly," from the taking of alcohol. UFLIC relies on two cases, one from Nebraska and one from Alaska, involving similar policy exclusions, and in which the insurers were granted summary judgment.

In *Lovette v. Stonebridge Life Ins. Co.*, 272 Neb. 1, 716 N.W. 2d 743 (2006), the Supreme Court of Nebraska held that where the undisputed evidence showed that the insured, "with a blood alcohol level of .22 percent, was operating a motor vehicle backward on a public highway at 3 a.m. at a speed of 30 to 55 miles per hour in an attempt to make a moving 180-degree turn and that he was ejected from the vehicle when it struck a ditch and flipped over," the court properly granted summary judgment because "[i]t is within the general knowledge of laypersons that a blood alcohol level of

3

more than twice the legal limit impairs physical and mental faculties" and there was no evidence of an alternative cause of the accident. *Id.* at 748-49.

In *Morgan v. Fortis Benefits Ins. Co.*, 107 P.3d 267 (Alaska 2005), the Alaska Supreme Court held that where a driver with a blood-alcohol level of .247 percent skidded off a dry straight road and struck a telephone pole, in the absence of evidence of some other cause, there was sufficient circumstantial evidence that intoxication caused the accident and a grant of summary judgment was proper.

Lardydell's argument against summary judgment in the present case attempts to distinguish those cases on the basis that there is an alternative explanation for the accident: there was a train stopped at the crossing, and Arthur became impatient and went around the gates. If there were also evidence that the stopped train blocked Arthur's view of the oncoming train, perhaps this would create an issue of fact for trial. It is difficult to see, however, how a stopped train on the right would have kept Arthur from noticing an oncoming train from the left, were it not for his intoxication.

Nevertheless, the parties' sole focus on the issue of causation appears to have led them to miss an important reason why summary judgment cannot be granted on the present record. Under Indiana law, the existence of an exclusion from coverage is an affirmative defense on which the insurer bears the burden of proof. *PSI Energy, Inc. v. Home Ins. Co.*, 801 N.E.2d 705 (Ind. Ct. App. 2004); *Hoosier Ins. Co. v. Audiology Foundation of America*, 745 N.E.2d 300 (Ind. Ct. App. 2001); *Rozek v. American Family Mut. Ins. Co.*, 512 N.E.2d 232 (Ind. Ct. App. 1987). The exclusion in the present case is for

4

death resulting directly or indirectly from "the *voluntary* taking of any . . . alcohol" (emphasis added). Thus, UFLIC's case on its affirmative defense requires it to prove two things: that Arthur's taking of alcohol directly or indirectly caused his death, and that his taking of alcohol was voluntary.

When a party moves for summary judgment on an issue on which it bears the burden of proof, "that party 'must establish affirmatively the lack of "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party,"' in order to obtain summary judgment on the issue." *Branham v. Snow*, 392 F.3d 896, 907 (7th Cir. 2004) (quoting *Reserve Supply Corp. v. Owens-Corning Fiberglas Corp.*, 971 F.2d 37, 42 (7th Cir. 1992) (in turn quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986))). Therefore, unlike the typical situation where the movant can simply point to an absence of evidence on an issue, "the oft-quoted rule of *Celotex* with respect to the obligation of the non-moving party which bears the burden of proof at trial is inapplicable." *Reserve Supply Corp.*, 971 F.2d at 42.

No evidence whatsoever in the record has been shown to the court on the issue of whether Arthur's consumption of alcohol was voluntary. The only attention to this issue is the unsupported statement in UFLIC's memorandum that "there is no evidence that would indicate that Mr. Lardydell involuntarily consumed alcohol." Memorandum at 5. This comment on the absence of evidence implies that Lardydell has the burden of producing some evidence of involuntary intoxication, while she has no such burden and it is instead UFLIC's burden to affirmatively show a lack of any such evidence. Put

5

another way, in the complete absence of any evidence on the issue whether Arthur's consumption of alcohol was voluntary or involuntary, UFLIC's burden of proof means that the evidence preponderates by default in favor of the party without any burden, plaintiff Lardydell.

On this issue, the present case can be contrasted with the two cases on which UFLIC relies in seeking summary judgment. In *Lovette* there was evidence that at the scene of the accident there were several full bottles of unopened beer lying in and around the vehicle. *Lovette*, 272 Neb. at 3, 716 N.W.2d at 746. While not articulated by the court, a finder of fact could infer in those circumstances that the decedent had been drinking beer in the car and disposing of the empties. In *Morgan*, there was evidence that the decedent had been drinking at a bar the evening before the accident, and the complaint alleged that the decedent had left that bar with a blood-alcohol level in excess of the limit allowed by state law and drove her vehicle for less than a mile when the fatal accident occurred. *Morgan*, 107 P.3d at 268. In the present case no evidence has been identified showing how or where Arthur Lardydell consumed the alcohol found in his body at the time of his fatal meeting with the train.

One last thing deserves mention. The reason that the court finds it cannot grant summary judgment is not an argument made, or even mentioned, by plaintiff Lardydell, and it is not this court's proper role to act as her advocate. However, even if she had completely failed to respond to UFLIC's motion for summary judgment, the court could grant summary judgment only if UFLIC's motion showed that summary

judgment were appropriate. *Tobey v. Extel/JWP, Inc.*, 985 F.2d 330, 332 (7th Cir. 1993) (summary judgment not an appropriate sanction for failing to respond to motion). More to the point, the court has no duty to ignore the applicable law: to the contrary, a district judge "has an obligation to raise legal issues that the parties have overlooked or neglected. After all, the judge is on the bench in the first place (we trust) because of superior legal background, expertise, or credentials, and for that reason '[should] not sit as a passive observer who functions solely when called upon by the parties.'" *Jones v. Page*, 76 F.3d 831, 850 (7th Cir. 1996) (quoting *Gonzalez v. Volvo of America Corp.*, 734 F.2d 1221, 1225 (7th Cir. 1984)); *see also Southern Illinois Riverboat Casino Cruises, Inc. v. Triangle Insulation and Sheet Metal Co.*, 302 F.3d 667, 677 (7th Cir. 2002).

As explained above, UFLIC has not carried its burden on summary judgment of affirmatively establishing the non-existence of any question of material fact on an issue on which it bears the burden of proof. Accordingly, UFLIC's motion for summary judgment (DE # 13) is **DENIED**.

**SO ORDERED.**

Enter: October 25, 2006

  s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT